**SO ORDERED.**

**SIGNED this 11 day of December, 2014.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

IN RE:

JOHN PAUL HEELEY                                   CASE NO. 14-03291-5-DMW
AMBER CHRISTINE HEELEY

        DEBTORS                                  CHAPTER 13

## ORDER GRANTING DEBTORS' MOTION FOR AWARD OF SANCTIONS
## FOR VIOLATION OF THE AUTOMATIC STAY

This matter comes on to be heard upon the Debtors' Motion for Award of Sanctions for Violation of the Automatic Stay ("Motion") filed by John Paul Heeley and Amber Christine Heeley ("Debtors"). The Motion seeks sanctions against BJ's Membership Club, Inc. ("BJ's"). The sanctions will be allowed. The court conducted a hearing in Raleigh, North Carolina on December 3, 2014. Cort I. Walker, Esq. appeared for the Debtors, and Michael B. Burnett, Esq. appeared on behalf of John F. Logan, Esq. ("Trustee"), Chapter 13 trustee. No one appeared on behalf of BJ's. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this

matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on June 7, 2014 ("Petition Date"). Prior to the Petition Date, the Debtors wrote a $215.65 check to BJ's for goods purchased at its store at 2370 Walnut Street, Cary, North Carolina ("Cary Store").

3. BJ's received notice of the bankruptcy filing by the United States Postal Service ("USPS") at Post Office Box 13337, Philadelphia, Pennsylvania and by electronic notice through the Bankruptcy Noticing Center ("BNC") on June 10, 2014.[1]

4. The Debtors received a post-petition letter from BJ's dated June 14, 2014, stating that the $215.65 check had been returned for insufficient funds. Upon receiving the letter, the female Debtor, Ms. Heeley, called the Cary Store. Ms. Heeley testified that she spoke with a manager of the Cary Store and informed him of the bankruptcy case and provided the bankruptcy case number with her attorney's contact information.

5. On June 23, 2014, the Debtors, through their attorney, served the Cary Store with the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines" by mailing the notice through the USPS to the Cary Store's address, as evidenced by the certificate of service filed with the court. The Cary Store was also added to the case mailing matrix.

6. Approximately two weeks after providing the bankruptcy filing information, Ms. Heeley visited the Cary Store to buy groceries. Her BJ's membership card was not accepted at check-out. A manager[2] explained that Ms. Heeley could not use her membership card until she

---

[1] Creditors can elect to receive electronic notice pursuant to Rule 9036 of the Federal Rules of Bankruptcy Procedure. BJ's made that election and receives notices by the USPS and electronically though the BNC.

[2] It is unclear whether this manager was the same manager with whom Ms. Heeley spoke by telephone earlier in the month.

had paid all outstanding (pre-petition) charges to BJ's. Ms. Heeley again informed the manager that she and her husband had filed for bankruptcy, and that the debt would be handled in the bankruptcy case.

7. After receiving notice of the Debtors' bankruptcy case, BJ's referred its claim to the Worthless Check Collection Program ("WCP") in Wake County, North Carolina.[3] Ms. Heeley received a letter dated September 9, 2014 from the WCP. That letter threatened criminal prosecution if the Debtors failed to pay the amount due under the worthless check before October 9, 2014.

8. To avoid the criminal prosecution, Ms. Heeley traveled over thirty-five miles to the Wake County Justice Center to pay in person the sum of $300.65[4] to the Wake County Clerk of Court. Except for the administrative fees, BJ's received the money paid by Ms. Heeley. Ms. Heeley testified that one of her goals in filing the bankruptcy petition was to obtain a stay against collection efforts and to be free from demands for payment of pre-petition debts. The actions by BJ's precipitated the filing of the Motion.

9. BJ's received proper notice of the Motion through USPS certified mail at four distinct addresses, including the Cary Store, and through the BNC at BJ's specified address. BJ's did not respond to the Motion and did not appear at the hearing.

10. Under 11 U.S.C § 362(a)(6), the filing of a bankruptcy petition automatically imposes a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. . . ."

11. "[A]n individual injured by any willful violation" of the stay may recover damages. 11 U.S.C. 362(k)(1). "To constitute a willful act, the creditor need not act with

---

[3] The WCP is a program under the supervision of the Wake County District Attorney to allow for the resolution of checks written with insufficient funds in order to avoid criminal prosecution.

[4] The $300.65 amount includes the $215.65 claim, a $25.00 merchant service charge, and a $60.00 WCP Fee.

3

specific intent but must only commit an intentional act with knowledge of the automatic stay." *Citizens Bank v. Strumpf (In re Strumpf)*, 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other grounds* 516 U.S. 16 (1995); *Lofton v. Carolina Finance, LLC, (In re Lofton)*, 385 B.R. 133, 140 (Bankr. E.D.N.C. 2008) ("willfulness does not refer to the intent to violate the automatic stay, but the intent to commit the act which violates the automatic stay").

12. BJ's received multiple notices of the Debtors' bankruptcy case through the USPS, telephonically, and in person. BJ's had both constructive and actual notice of this case and chose to ignore and violate the automatic stay provisions.

13. BJ's collected a pre-petition debt by excluding the Debtors from shopping at its store and by the threat of criminal prosecution. A creditor is motivated in making a worthless check referral in whole, or in part, by the hope of getting reimbursed. *See In re White*, No. 09-05578-8-JRL, 2010 WL 2465340 (Bankr. E.D.N.C. June 11, 2010); *In re Negrete*, No. 07-00540-8-JRL (Bankr. E.D.N.C. August 10, 2009); *In re Byrd*, 256 B.R. 246 (Bankr. E.D.N.C. 2000). The referral of the debt to WCP constitutes a willful violation of the stay, and the acceptance of the collected funds ratified that improper action.

14. Pursuant to 11 U.S.C. § 362(k)(1), a debtor injured by a stay violation "shall recover actual damages . . . and in appropriate circumstances, may recover punitive damages." Actual damages may compensate for costs and attorney's fees, and may also include compensation "for actual emotional distress caused by a creditor's violation of the automatic stay." *In re Thorpe*, No. 2011 Bankr. LEXIS 1834, at *4 (Bankr. E.D.N.C. May 17, 2011).

15. Actual damages are warranted to compensate the Debtors for their distress and their time, energy and money expended as a result of BJ's actions. Ms. Heeley credibly testified that the threat of criminal prosecution caused her significant and unnecessary distress. Further,

the time and expense of having to pay WCP the funds in person should be recovered by the Debtors. The Debtors also incurred actual expenses in bringing the Motion and appearing at the hearing.

16. The court may award punitive damages if a stay violation is particularly malicious. *In re Sands*, No. 10–12205C–13G, 2011 WL 3962491 at *3 (Bankr. M.D.N.C. April 1, 2011) (quoting *In re Shade*, 261 B.R. 213, 216 (Bankr. C.D. Ill. 2001)). The court finds that BJ's acted maliciously through the continued prosecution of the worthless check after receiving notices of the Debtors' case at several addresses. Through its circumvention of the bankruptcy process and the protections afforded by the automatic stay, BJ's improperly obtained money from the Debtors.

17. Based upon the estimate of damages incurred by the Debtors, the Debtors are entitled to $5,601.30 in actual damages. This amount includes the following:

    a. The sum of $300.65 paid through the WCP;

    b. All costs incurred by Ms. Heeley in making the payment to BJ's through the WCP;

    c. The costs incurred in connection with the Motion and hearing;

    d. Actual emotional distress suffered by the Debtors; and

    e. Punitive damages.[5]

18. The Sasser Law Firm has rendered services and incurred costs relating to the automatic stay violation and in prosecuting the Motion. This expense was a direct result of BJ's action. The Sasser Law Firm will be compensated $3,500.00 by BJ's for its representation in this matter.

---

[5] Ms. Heeley testified that she incurred actual expenses of gas, parking and childcare when she was required to travel to the Wake County Justice Center and to this court for the hearing.

19. BJ's disregard of the automatic stay provisions of the United States Bankruptcy Code also warrants the imposition of sanctions in the amount of $5,000.00 payable to the court; now therefore,

It is ORDERED, ADJUDGED and DECREED as follows:

1. The Debtors' Motion for Award of Sanctions for Violation of the Automatic Stay is granted;

2. BJ's shall pay to the Debtors, c/o Sasser Law Firm, 2000 Regency Parkway, Suite 230, Cary, North Carolina 27518, the sum of $5,601.30;

3. BJ's shall pay to the Sasser Law Firm, 2000 Regency Parkway, Suite 230, Cary, North Carolina 27518, the sum of $3,500.00 in attorney's fees;

4. BJ's shall pay to the Clerk of the United States Bankruptcy Court, Eastern District of North Carolina, P.O. Box 791, Raleigh, North Carolina 27602,[6] the amount of $5,000.00 in sanctions; and

5. All amounts awarded herein shall be paid within fourteen (14) days of the entry of this Order.

END OF DOCUMENT

---

[6] The physical address is 300 Fayetteville St., Raleigh, North Carolina 27601.

6